[Civil No. 1016.   Filed March 27, 1908.]

[94 Pac. 1131.]

W. F. CHENOWETH, Defendant and Appellant, v. Mrs. F. L. BUTTERFIELD, Plaintiff and Appellee.

1. VENDOR AND PURCHASER—CONTRACT FOR SALE OF MINES NOT AN OPTION.—A contract obligating the plaintiffs to convey to defendant an interest in mines in consideration of $500 paid on the signing, and $14,500 within a year thereafter, and obligating defendant to pay all taxes on the mines during the "life of this option," is a contract on defendant's part to purchase, and not a mere option.

2. JUDGMENT MUST CONFORM TO PLEADINGS—EQUITY.—The system in force in Arizona of uniting law and equity jurisdictions in one court and abolishing all distinctions in forms of action, legal or equitable, empowers the court to grant any relief which the pleadings and facts show plaintiffs to be entitled to. But where equitable relief is sought and the subject matter must be litigated in the action, *held,* in an action to obtain a conveyance of the legal title to

mining property held by defendants upon the ground of fraud and procurement thereof, on a finding that the land was not plaintiffs' property either in law or equity, that plaintiff was not entitled to a personal judgment against the defendant under an agreement to purchase property other than that which would had been affected had the trust been established.

APPEAL from a judgment of the District Court of the Second Judicial District, in and for the County of Santa Cruz. Fletcher M. Doan, Judge. Judgment vacated.

The facts are stated in the opinion.

Eugene S. Ives, S. L. Pattee, and S. V. McClure, for Appellant.

Theodore H. Thomas, and Selim M. Franklin, for Appellee.

SLOAN, J.—This was a suit in equity brought by appellees, Mrs. F. L. Butterfield and Charles Dougherty, against the Nogales Copper Company, a corporation, the Cerro Prieto Mining Company, a corporation, W. F. Chenoweth, H. K. Chenoweth, R. A. McPherson, J. R. Grant, Manuel M. Maldonado, J. Guillermo Domingues, W. Z. Stuart, the Banco Del Oro Mining Company, the Black Mountain Mining Company, William Brace, trustee, and Paul Brown, trustee, to obtain a conveyance of the legal title held by the defendants to certain mining property, situated in Mexico, upon the ground of fraud in the procurement thereof, and to obtain an accounting on the part of the defendants of the proceeds of the operation of said property, and for general relief. The complaint set forth that on the fifteenth day of October, 1899, an agreement was entered into by and between the plaintiffs and W. F. Chenoweth, acting for himself and H. K. Chenoweth and J. R. Grant, in which plaintiffs agreed to sell and convey to the latter an undivided two-thirds interest in the Interprice and Margarita mines owned by them, and situated in the municipality of Cucurpe, district of Magdalena, state of Sonora, republic of Mexico, for the sum of $15,000; that $500 of the purchase price was to be paid at the time of signing the contract and the remainder within one year from the date thereof; that Chenoweth made the cash payment of $500 at the time the agreement was executed,

and, with his said associates, went into possession of the property; that at the time of said agreement one Manuel M. Maldonado was the owner of a one-third interest in said mines; that an option agreement during the year 1889 was entered into between said Maldonado and said Chenoweth and associates for the purchase of said one-third interest held by said Maldonado. The complaint further averred that, after obtaining possession of said mines under said agreement, said Chenoweth, together with defendants J. R. Grant, H. K. Chenoweth, and R. A. McPherson, fraudulently removed the monuments which marked and defined the boundaries of said claims, and relocated the ground excluded from said locations by the changes so made in said boundaries by said defendants, and fraudulently obtained title to the same under the mineral laws of Mexico; that after said monuments had been thus removed so as to exclude from the boundaries of said mines valuable parts thereof, and after said defendants had located the ground thus excluded from the original locations, said Chenoweth notified the plaintiffs that he would not complete the purchase, and that he would surrender his option. Thereafter said defendants transferred the title to the mining claims located by them to the Cerro Prieto Mining Company; that the latter company subsequently entered into a contract of sale of the same to one J. W. Yocum, who assigned and transferred his contract and agreement to the Nogales Copper Company; that the defendant, J. Guillermo Domingues, had succeeded to the interest of J. R. Grant in and to the stock of the Cerro Prieto Mining Company, and had received a large amount of money from the proceeds of the sale made by said company under the contract with the defendant J. W. Yocum. The other defendants named were charged to have succeeded to interests in the Cerro Prieto Mining Company held by the Chenoweths, Grant and McPherson. The plaintiffs averred, further, that they did not learn of the fraudulent changing of the boundaries and the fraudulent obtaining of title to parts of the original locations by the Chenoweths, Grant and McPherson until after the expiration of their agreement and option with Chenoweth, and not until after the Chenoweths, Grant and McPherson had obtained title to the land originally included within the boundaries of the Interprice and Margarita claims; that, upon discovering the facts of the relocations, they demanded from the defendants possession of

the property, which was refused. They further set forth that
large sums of money have been taken from the property by
the defendants, and that Chenoweth and his colocators have
received large sums in addition from the sale of their in-
terest. They further alleged that each and all of the defend-
ants who had succeeded to any interest in the property thus
relocated had full knowledge of the facts constituting the
frauds complained of before they obtained their interest.
Such of the defendants as were served appeared and an-
swered the complaint. The defendants so served and so an-
swering were W. Z. Stuart, the Black Mountain Mining Com-
pany, the Banco Mining Company, the Cerro Prieto Mining
Company, H. K. Chenoweth, and W. F. Chenoweth. A trial
was had upon the issues joined by the defendants, and a
judgment was entered dismissing the complaint as against
all the defendants except W. F. Chenoweth, against whom a
personal judgment was entered.

The court found that the defendants were not guilty of
the frauds complained of; that the boundaries of the claims
were not changed by them, nor was any land belonging to the
plaintiffs relocated by them; that the Mexican government
in conveying the title to the Interprice and Margarita claims,
through a mistake in the survey, excluded from the patent
the land subsequently located by the Chenoweths, Grant and
McPherson; that the latter had discovered this fact after
they had gone into possession of the Interprice and Mar-
garita claims under their option of purchase; that they there-
upon located and subsequently obtained title to the same
without notifying plaintiffs of the variance between the land
conveyed by the patent from the Mexican government and
the land monumented by Maldonado when he first located
the Interprice and Margarita claims; that Chenoweth, at the
time he entered into the agreement to purchase with the
plaintiffs, knew nothing as to the true locations of the mines,
had never seen them, and had not been deceived by the plain-
tiffs or by any representations whatever as to their exact
location or as to their value. The court found as a fact that
both parties to the agreement treated it as an option, but
found as a conclusion of law that it was an out-and-out con-
tract of purchase of the mines; that the plaintiffs had not
offered to return the $500 paid by Chenoweth nor to convey
the mines; that neither Chenoweth nor any of his assigns had
tendered the plaintiffs the unpaid part of the purchase price;

that the contract had not therefore been rescinded. Under the construction thus given the contract, the court gave judgment for the plaintiffs against the defendant, W. F. Chenoweth, for the unpaid part of the purchase price and interest thereon, conditioned upon the former executing to Chenoweth a deed to the Interprice and Margarita mines. From the judgment so entered against him, Chenoweth has appealed.

Two assignments of error are made by counsel for appellant in their brief. They are: 1. That the court erred in construing the agreement between Chenoweth and the plaintiffs as a contract to purchase which obligated Chenoweth to pay the balance of the purchase price when it became due and not an option, and that, therefore, Chenoweth was indebted to the plaintiffs in said sum. 2. That the pleadings do not present an issue which would warrant a money judgment against Chenoweth, and that, therefore, the court erred in rendering such a judgment against Chenoweth in the suit.

The agreement between the plaintiffs and Chenoweth reads as follows: ''Memorandum of agreement, made and entered into this 15th day of October, A. D. 1899, by and between Mrs. F. L. Butterfield and Charles Dougherty of Cripple Creek, Colorado, parties of the first part, and W. F. Chenoweth of Nogales, Arizona, party of the second part; witnesseth: That the said parties of the first part in consideration of the covenants hereinafter contained to be by the party of the second part kept and performed, hereby covenant and agree that they, said parties of the first part, will convey to the said party of the second part, by a good and sufficient deed, an undivided two-thirds (⅔) interest in and to the following mines, to wit: 'The Interprice' and 'Margarita' situated on the mountain Cerro Prieto, about four (4) kilometers from the mine called 'La Calara' adjoining the mine 'Zaragosa' in the municipality of Cucurpe, of the district of Magdalena, state of Sonora, republic of Mexico, of which the said parties of the first part are the lawful owners. In consideration of which the said party of the second part hereby agrees to pay to the said parties of the first part at the time of signing this contract, the sum of five hundred ($500.00) dollars, lawful money of the United States of America, and the further sum of fourteen thousand five hundred ($14,-500.00) dollars, like lawful money, within one year from the date hereof, and to pay all government taxes on the above

described property in advance during the life of this option, and furnish said parties receipt for the same. Upon the payment of said last mentioned sums at any time within the period of one year, said parties of the first part agree to make and deliver the deed hereinbefore mentioned.

"In witness whereof, the said parties have hereunto set their hands and seals this fifteenth day of October, A. D. 1899.

> "Mrs. F. L. BUTTERFIELD.   [Seal]
> "CHARLES DOUGHERTY.   [Seal]
> "W. F. CHENOWETH.          [Seal]"

It must be conceded that, if the clause "during the life of this option" was eliminated from the agreement, it could not by its terms be construed otherwise than as an out-and-out agreement to purchase, nor do we think that that clause, in the sense in which it is used, is sufficient to change the character of the agreement from an ordinary contract of purchase of land to what is ordinarily termed an optional contract. It is true that the plaintiffs in their complaint refer in several places to the agreement as an option. It is also true that the court in his findings of fact found that both parties to said agreement considered and treated it as an option. The evidence was not incorporated into the record so that we are not informed as to how or in what manner the parties treated the agreement as an option, and not as a contract to purchase. If the contract, construed as a whole, was ambiguous, this finding of fact might be sufficient to destroy the effect of the court's conclusion of law that the agreement was not a mere option, but a contract to purchase; but we find no such ambiguity in the contract itself, and therefore we do not hold that the trial court erred in his construction of the instrument.

The second assignment presents a much more serious question. Under our system of joining the two jurisdictions of law and equity in one court and the abolishing of all distinctions in the forms of actions, legal or equitable, the court may grant any relief which the pleadings and facts show the plaintiff to be entitled to recover, whether that relief be purely equitable or such as might be had in an action at law. Where equitable relief is sought in the first instance, however, a money judgment must be recovered, if at all, as an incident to such equitable relief or in lieu of it, but, in any event, such recovery must come within the issues, and the

subject matter must be litigated in the action. The complaint is framed upon the theory that the defendants fraudulently acquired legal title to certain mining lands in Mexico which in equity belongs to the plaintiffs. The findings of the court are, in effect, that the land so sought to be recovered is not the property of the plaintiffs, either in law or in equity, and that, therefore, the defendants do not, nor do any of them, hold the same in trust for the plaintiffs. The controversy, as made by the pleadings, was over land alleged to have been included within the boundaries of the Interprice and Margarita mining claims. This land was found by the court not to have been so included, and therefore was not included within the terms of the agreement between Chenoweth and the plaintiffs. Under the findings, therefore, any obligation which Chenoweth owed to the plaintiffs under his agreement did not arise out of nor was it connected with the denouncement and the obtaining of title to the land in controversy. We are unable to see, therefore, that the question of liability of Chenoweth to the plaintiffs for the unpaid balance of the purchase price of the Interprice and Margarita properties was within the issues made by the complaint and the answer of the defendants, nor can we see how that question was properly litigated in the action. If the court had found that Chenoweth had obtained title fraudulently to any part of the property described in the agreement while in possession under it, a situation might have arisen in which a money judgment would properly have been imposed; but, as the court found this not to be the case, to sustain the judgment would be to hold that, in a suit to declare a trust as to certain property, upon a failure to establish such trust a money judgment might yet be rendered against the defendant on an agreement to purchase other land than that which would have been affected had the trust been established. This we hold cannot be done without violating the rule that the judgment must follow the pleadings. We hold, therefore, that the right of the plaintiffs to specific enforcement of the contract of purchase was not an issue presented by the pleadings, and the court erred in rendering personal judgment against Chenoweth on such contract. The personal judgment against appellant is therefore ordered to be vacated, and, as this appeal is limited in its scope to such personal judgment, this order is not to be construed as otherwise affecting the gen-

XI Ariz.—21

eral judgment for the defendants, nor as otherwise prejudg-ing any appeal taken, or writ of error sued out, by appellees.

KENT, C. J., and CAMPBELL, J., concur. NAVE, J., being disqualified in this case, took no part in the consideration or determination thereof.