## PERLEY v. SCHMIDT CUT STONE COMPANY.

[No. 7,135.    Filed June 30, 1911.]

1. PLEADING.—*Motions.*—*Venire de Novo.*—Where separate verdicts are returned in a joint and several action for tort against two or more defendants, a motion for a *venire de novo* is the proper remedy.    p. 346.

2. PLEADING.—*Motions.*—*Venire de Novo.*—*Essentials.*—*Appeal.*—To present any question on appeal, on a motion for a *venire de novo*, the record must disclose the grounds upon which such motion was based.    p. 347.

3. NEW TRIAL.—*Grounds.*—*Receiving Separate Verdicts against Joint and Several Defendants.*—In a joint and several action of

tort against two or more defendants, the receiving of separate verdicts against such defendants does not constitute ground for a new trial.   p. 347.

4. APPEAL.—*Presumptions.*—*Separate Verdicts on Joint and Several Complaint.*—In a joint and several action for tort, a defendant cannot successfully complain, on appeal, that a joint verdict should have been required, the presumption being, in such case, that the separate verdict was returned on the separate allegations against him.   p. 348.

5. APPEAL.—*Parties.*—*Causes.*—*Misjoinder.*—*Failure to Move to Separate Causes.*—A failure of a defendant, against whom and others a joint and several complaint for tort is filed, to move to separate the causes, waives any question as to the propriety of the trial court's receiving separate verdicts at the trial.   p. 348.

From Saint Joseph Superior Court; *Vernon W. VanFleet,* Judge.

Action by the Schmidt Cut Stone Company against Samuel S. Perley and others.   From a judgment for plaintiff, defendant Samuel S. Perley appeals.   *Affirmed.*

*P. J. Houlihan* and *Anderson, Parker & Crabill,* for appellant.

*Charles A. Davey,* for appellee.

HOTTEL, J.—Action brought by Schmidt Cut Stone Company against Samuel S. Perley, V. P. Fancil, Meyer Gilbert and Abe Barris, partners, and Meyer Gilbert, to recover damages for breaking, mutilating, destroying and carrying away and unlawfully converting to their own use certain personal property belonging to appellee.

The amended complaint is in five paragraphs, the first of which charges all the defendants jointly with unlawfully destroying and converting the property mentioned in the complaint; the second charges appellant with said unlawful acts; the third charges V. P. Fancil with said acts; the fourth charges Meyer Gilbert with said acts, and the fifth charges Meyer Gilbert and Abe Barris, doing business under the firm name and style of South Bend Iron and Metal Company, with said unlawful acts.   To this complaint appellant

filed a separate demurrer to each paragraph, which was sustained by the court as to the third, fourth and fifth paragraphs, and overruled as to the first and second paragraphs. The cause was put at issue by a general denial filed by each defendant. A trial by jury resulted in three separate verdicts, viz.: A verdict for plaintiff against defendant Samuel S. Perley for $400; against Meyer Gilbert for $25, and against Victor P. Fancil for $25. Upon the return of said separate verdicts, appellant objected to the court's receiving them, and moved that the court require the jury to return one general verdict. The motion was overruled and an exception saved. Appellant also moved for a *venire de novo,* and the motion was overruled and exceptions saved. The court then rendered judgment on said several verdicts, and appellant filed a motion for a new trial, which was overruled and exceptions saved.

The errors relied on for reversal are that the court erred in overruling appellant's motions for a *venire de novo* and for a new trial. The grounds relied on for a new trial are as follows: "(a) The court erred in receiving the separate and several verdicts against defendants Perley, Fancil and Gilbert, over the objection then made by the defendant. (b) The court erred in overruling this defendant's motion to require the jury to return one verdict against all the defendants found liable for the conversion complained of in the complaint, and in discharging the jury without requiring it to return its single verdict against all the defendants found liable."

The only question attempted to be presented by these assigned errors is the ruling of the court in accepting three separate verdicts, and in rendering judgment thereon.

1. It seems that a motion for a *venire de novo* is the proper way to raise this question. See Elliott, App. Proc. §§327, 343, 761; *Everroad* v. *Gabbert* (1882), 83 Ind. 489, 492; *Ashcraft* v. *Knoblock* (1896), 146 Ind. 169, 175; *Boor* v. *Lowry* (1885), 103 Ind. 468, 477, 53 Am. Rep. 519.

Counsel for appellee insists that in this case the question is not presented by this motion, for the reason that the record does not disclose the ground upon which the motion 2. was made, and that this was necessary in order to obtain a consideration thereof by this court. This contention is supported by the authorities. *Douglas* v. *Indianapolis, etc., Traction Co.* (1906), 37 Ind. App. 332; *Deatty* v. *Shirley* (1882), 83 Ind. 218; Elliott, App. Proc. §763.

In the case of *Douglas* v. *Indianapolis, etc., Traction Co., supra,* this court said: "The record must disclose the ground upon which it [the motion for a *venire de novo*] was based and pointed out to the trial court. This it does not do. The action of the trial court in overruling the motion is here for review. There one reason may have been assigned as a basis for the motion, and here another. The presumption is that the trial court correctly ruled upon the question as it was then presented, and the record being silent as to any reason urged in that court as a cause for granting the motion, the question on appeal will be deemed to have been correctly decided by it."

The record in this case does not disclose the ground upon which this motion was made, and, therefore, under the authorities cited, presents no question for the consideration of this court.

Counsel next attempt to present this question by the error assigned in overruling the motion for a new trial, as indicated by reasons "(a)" and "(b)," before 3. quoted. We are of the opinion that this question is not properly presented by reasons for a new trial; but if it be conceded that the question is presented by such motion, yet appellant is in no position to complain of the ruling.

The cases cited are not applicable to this case, because the complaints stated joint causes of action against all the defendants, and there were separate verdicts against two or

more sets of defendants. This is not a case where a single paragraph of complaint charges appellant and his codefendants jointly with the wrongful and unlawful conversion and destruction of property, and seeks to recover against such defendants jointly. There were two paragraphs of complaint held good as against appellant's demurrer; one charged him jointly with his codefendants with said unlawful destruction and conversion of said property, and the other charged him alone with such unlawful conversion and destruction of said property. To these paragraphs, after submitting a demurrer for want of facts, appellant filed a general denial, and went to trial with his codefendants without objection, and without a motion of any kind to have the cases docketed separately or tried as separate causes. In such a case, this court will, in the absence of the evidence or some finding of the court to the contrary, indulge the presumption that the verdict returned was upon the paragraph of complaint stating a cause of action against appellant alone, and that appellant has not been harmed by such verdict.

All reasonable presumptions and intendments are indulged in favor of the general verdict. This being true, this court will, where there are two or more paragraphs of complaint, and nothing to show to the contrary, indulge the presumption that a verdict for the plaintiff is based on that paragraph of complaint to which it is germane. *Central Union Tel. Co.* v. *Fehring* (1896), 146 Ind. 189; *Shaw* v. *Barnhart* (1861), 17 Ind. 183.

By joining issue and going to trial, without objecting to such misjoinder of causes and parties, appellant is now in no position to raise the question which he here attempts to raise. §348 Burns 1908, §343 R. S. 1881; *Lane* v. *State, ex rel.* (1866), 27 Ind. 108, 112; *Boonville Nat. Bank* v. *Blakey* (1906), 166 Ind. 427; *Cargar* v. *Fee* (1895), 140 Ind. 572, 576.

Judgment affirmed.