## KINNISON *v.* RARICK.

[No. 10,104. Filed November 25, 1919.]

APPEAL.—*Briefs.—Points and Authorities.—Abstract Propositions of Law.*—The bare statement of an abstract proposition of law in a brief under the heading "Points and Authorities," without any attempt to apply it to the issues or evidence, is not sufficient to present any question for consideration.

From Noble Circuit Court; *Luke H. Wrigley,* Judge.

Action by John E. Rarick against Lena Kinnison. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Redmond & Emerick,* for appellant.
*Fred L. Bodenhafer,* for appellee.

McMAHAN, J.—Complaint by appellee against appellant for specific performance of a contract for the sale of certain real estate. The appellee in his complaint alleged the execution of the contract wherein it was agreed that the appellant would sell and, by a warranty deed, convey to appellee certain real estate in Noble county, Indiana, for the sum of $350; that appellee was to pay appellant the sum of $5 per month for three years from the date of the execution of the contract, and at any time within that period when appellee notified appellant that he was ready to purchase said property for said $350, the $5 per month which had been paid by appellee to appellant should be applied as partial payments on said sum of $350; that, if appellee failed to purchase real estate in accordance with said agreement, appellant might treat

the same as a rental contract, and that the monthly payments should be considered as rent; that prior to the expiration of the contract appellee tendered to appellant the sum of $170, that being the balance due appellant on the contract, and demanded a deed, which appellant refused to execute. Appellant filed an answer in four paragraphs: (1) A general denial; (2) that after the execution of the contract sued on, it was for a valuable consideration mutually agreed between the appellant and appellee that said contract should be abandoned and rescinded, and that said contract was abandoned; (3) that, by mutual agreement and consent of the parties to the contract, it was modified and changed in this, that appellant and appellee agreed that, if appellant would make certain repairs and improvements on said real estate at her own expense, said contract of purchase was to be rescinded and held of no effect, and that, in pursuance of this alleged agreement, the appellant made said repairs; (4) that appellant was induced to execute the contract by reason of fraudulent representations made by appellee.

The cause was tried by the court and resulted in a decree in favor of appellee for the specific performance of the contract. Appellant filed a motion for a new trial. The only specifications in the motion that present any questions are: (1) That the decision of the court is contrary to law; (2) the decision of the court is not fairly supported by, and is clearly against the weight of, the evidence; (3) that the contract sued on was obtained by reason of certain fraudulent representations. The only error assigned is the action of the court in overruling the motion for a new trial.

The appellant insists that, inasmuch as the issues in this case are of exclusive equitable jurisdiction, the court has the right, under §698 Burns 1914, Acts 1903 p. 338, to consider, and that it is our duty to consider and weigh, the evidence with the view of ascertaining whether or not the decree of the court should be upheld. Appellant's main contention is that the contract sued on was obtained by fraud and overreaching, and should not be enforced. The only witnesses who testified upon this issue were appellant and appellee. The trial court saw and heard both of these witnesses, and was in a much better position to weigh their testimony than we are, and, granting that it is our duty to weigh the evidence in a case of this character, a proposition which we do not decide, we would not, under the circumstances, be justified in saying that the finding of the trial court on the question of fraud is not fairly sustained by the evidence.

Appellant, under the heading of points and authorities, says: "Before the contract will be specifically enforced, it should appear from the evidence that it was fair, reasonable and just, and one which is strictly equitable to enforce."

Admitting this to be a correct statement of the law, appellant has wholly failed to apply the proposition to the contract or to the evidence. No claim is made that the contract is not fair, reasonable, and just, or that there is evidence which would justify this court in so holding. The bare statement of an abstract proposition of law, without any attempt to apply it to the issues or to the evidence, is not sufficient to present any question for our consideration. Our attention has not been called to any evidence or to

any part of the contract which might indicate that it was not a fair and just contract. There was no error in overruling the motion for a new trial.

Judgment affirmed.