Wilson v. Sentman—74 Ind. App. 112.

---

WILSON ET AL. v. SENTMAN ET AL.

[No. 10,394. Opinion on motion to dismiss January 29, 1919. Decision on merits filed June 25, 1920. Rehearing denied October 7, 1920. Transfer denied November 12, 1920.]

1. STATUTES.—Construction.—Intent.—In construing statutes it is the court's duty to ascertain the legislative intent and give effect thereto. p. 113.

2. NEW TRIAL.—Motion.—Memorandum.—In view of the provisions of §585 Burns 1914, §559 R. S. 1881, making provision for new trials and prescribing grounds therefor, and of §588 Burns 1914, §562 R. S. 1881, prescribing a motion upon written causes, and of the fact that the courts had decided that grounds other than those prescribed by §585, supra, will not be considered, and that all such facts were within the knowledge of the general assembly of 1917, held that §5 of Acts 1917 p. 523, §691e Burns' Supp. 1918, requiring that a memorandum be attached specifying the reasons why a motion should be sustained, was not intended to apply to a motion for new trial. p. 113.

From Montgomery Circuit Court; I. E. Schoonover, Special Judge.

Action between John M. Wilson and another and Edgar A. Sentman and another. From the judgment rendered, the former appeal. Affirmed.

Allen Boulds, W. A. Collings and W. J. Sprow, for appellants.

*Albert D. Thomas, Andrew N. Foley* and *Nina Lindley,* for appellees.

BATMAN, P. J.—The transcript in this appeal was filed in this court on August 13, 1918. On November 8, 1918, appellees filed their objections to the record, and motion to dismiss the appeal. In support of this motion appellees cite the fact that the record discloses that the only error assigned is based on the action of the court in overruling appellant's motion for a new trial; that the motion for a new trial does not have any memorandum attached thereto, specifying the reason or reasons why such motion should be sustained, as required by §5 of the act of 1917 concerning civil procedure. Acts 1917 p. 523, §691e Burns' Supp. 1918. Appellees insist that by reason of these facts the record fails to present any question for the determination of this court. This contention requires that we determine whether §5 of the act of 1917, *supra,* applies to a motion for a new trial. In determining this question, it is our duty to ascertain the legislative intent and give effect thereto. Section 585 Burns 1914, §559 R. S. 1881, makes provision for granting new trials, and prescribes the grounds therefor. Section 588 Burns 1914, §562 R. S. 1881, provides that an application for a new trial must be by motion, upon written causes filed at the time of making the motion. The causes therefor must be based on the grounds prescribed in §585, *supra,* and no others will be considered. *Over* v. *Dehne* (1906), 38 Ind. App. 427, 75 N. E. 664, 76 N. E. 883. It will thus be seen that at the time §5 of the act of 1917, *supra,* was enacted, and for a long time prior thereto, certain statutes existed, which make essentially the same requirements with reference to a motion for a new trial as are specified in said section. True, said prior stat-

utes provide for written causes for a new trial to be filed at the time of making the motion therefor, while the act of 1917 provides for attaching a memorandum to a motion stating the reasons why it should be sustained, but the object to be accomplished by each is the same, and hence the mere difference in form is not of controlling importance. In view of the above facts, which were within the knowledge of the general assembly of 1917, it is manifest that §5, *supra,* of the act in question was not intended to apply to a motion for a new trial.

It is not claimed by appellees that the act of 1917 under consideration repealed the prior statutes with reference to motions for new trials, but they contend that the evident purpose of said §5 thereof, as applicable to such motions, was to require a specific statement in the memorandum provided therein, showing wherein any particular statutory cause on which such motion is based is sufficient to require that it be sustained. We cannot concur in this contention. If it had been the intention of the general assembly in the enactment of said section that a party filing a motion in a cause should not only be required to specify, in a memorandum attached thereto, the reasons why it should be sustained, but, in the event that such motion is for a new trial, that such memorandum should go further and state the reasons why the various statutory causes on which such motion is based are sufficient to require that such motion be sustained, it is reasonable to presume that some provision would have been made to indicate such intention. As the act does not contain such a provision, we are not authorized to enlarge its meaning in that regard by construction. The act of 1911 requiring a memorandum to be filed with a demurrer to a pleading for want of facts is cited by appellees in support of their contention; but the situation in the two cases is so far

different as to give any analogy but little weight in the determination of the question under consideration.

For the reasons stated, the motion to dismiss the appeal is overruled.

### DECISION ON MERITS.

REMY, J.—Affirmed on the authority of *Kinnison* v. *Rarick* (1919), 71 Ind. App. 455, 125 N. E. 80; *Campbell* v. *Nebeker* (1877), 58 Ind. 446, and *Nicholson* v. *Smith* (1916), 60 Ind. App. 385, 110 N. E. 1007.