ROSE *v.* FIRST STATE BANK OF BOURBON ET AL.

[No. 10,676.  Filed December 16, 1920.  Rehearing denied March
31, 1921.  Petition to transfer dismissed May 20, 1921.]

1. NEW TRIAL.—*Filing Memorandum With Motion.—Statute.—
Applicability.*—Section 5 of the Act of 1917 (Acts 1917 p. 523,
§691a *et seq.* Burns' Supp. 1918), providing that all motions
made in any case be accompanied by a memorandum specify-
ing the reasons why such motion should be sustained, does
not apply to motions for new trial.  p. 619.
2. EXECUTORS AND ADMINISTRATORS.—*Claim Against Estate.—
Action.—Agency of Decedent.—Evidence.*—In a bank's action
on a promissory note signed by decedent and his widow, the
issue being whether in buying an automobile with the
money for which the note was given decedent acted for him-
self or as agent for the wife, evidence that decedent had
purchased the car and had referred to it as being his property,
that after his death the widow had used the car constantly,
etc., was competent, in the absence of direct testimony upon
the question involved, as throwing some light thereon.  p. 619.
3. TRIAL.—*Instructions.—Incomplete Instructions.*—In a bank's
action on a promissory note signed by decedent and his widow,
the issue being whether in buying an automobile with the
money for which the note was given decedent acted for him-
self or as agent for the wife, an instruction enumerating only
part of the competent circumstances in evidence pertinent to
the question involved, and telling the jury that it might con-
sider such facts in determining such question, was not
erroneous.  p. 620.

From Marshall Circuit Court; *Smith N. Stevens,*
Judge.

Action by the First State Bank of Bourbon on a
claim against the estate of Graham Rose, deceased, in
which the executor filed a cross-complaint against plain-
tiff and decedent's widow, Ella Rose appeals.  *Af-
firmed.*

*Harley A. Logan,* for appellant.
*Martindale & Martindale,* for appellees.

ENLOE, J.—This action was begun by the appellee,
First State Bank of Bourbon, Indiana filing, as a claim

against the estate of Graham Rose, a certain promissory note signed by the appellant and said Graham Rose. This claim was disallowed by the executor and thereafter the same was duly placed upon the issue docket of said court for trial.

Thereafter the said executor filed a cross-complaint against said bank and said Ella Rose, therein alleging that said Graham Rose, or his estate, did not receive the consideration for which said note was given, or any part thereof; that said Graham Rose signed said note as surety only for said Ella Rose, and asking that she be made a party, and that summons issue, etc.

This cross-complaint was answered by appellant in two paragraphs of answer, the first being a general denial, and in the second she alleged, that at the time she executed said note, she was a married woman, the wife of said Graham Rose, deceased; that said note was given for the debt of her said husband; that she received no part of the consideration for which said note was given; and that she signed said note as surety and not otherwise. She also filed her answer to the complaint of said bank, wherein the same facts, in substance, were alleged.

The cause was submitted to a jury for trial, which returned its verdict, finding in favor of the bank, and also finding that appellant received the consideration of said note, and that Graham Rose had signed said note as surety for his wife. Judgment was rendered accordingly.

The motion of appellant for a new trial being overruled, she prosecutes this appeal, and the only error assigned is the action of the court in overruling her said motion. This motion was based upon the grounds that, (1) The verdict is not sustained by sufficient evidence; (2) is contrary to law; and (3) error in giving instruction No. 1 requested by the cross-complainant.

Appellee insists that no question is presented for our consideration, for the reason that the said motion for a new trial was not accompanied by any memorandum; which he insists is required by §5, Chap. 143, Acts of 1917 (Acts 1917 p. 523, §691a et seq. Burns' Supp. 1918). This court, in the case of *Wilson* v. *Sentman* (1919), 74 Ind. App. 112, 121 N. E. 669, has held that said act did not apply to motions for new trial, and we shall therefore pass to the consideration of the questions presented by appellant in her brief.

As to the said instruction of which complaint is made, we note that evidence was introduced at the trial tending to prove, that Graham Rose had borrowed money of said bank at different times, without giving security on his note; that the appellant had spoken of the automobile purchased with the money for which said note was given, as "my car" in the presence of several persons; that a short time after the death of said Graham Rose, the executor went to his late residence and made an inventory and appraisement of his personal property; that the appellant was present while said inventory was being made; that appellant, from and after the death of her husband, used the said car constantly, her son by a former marriage driving the same; that this use continued for more than six months, and until the car was destroyed by being struck by a train. There were also other acts of dominion over said car testified to as having been exercised by the appellant. The question which the court and jury were trying to answer was: Who in fact was the purchaser of this car or, Who became the owner of said car at the time it was purchased from the dealer in September, 1916? There is no dispute as to the fact that the deceased, Graham Rose, negotiated the purchase, but whether he was acting for himself in this

matter, or as the agent of his wife, was the vital question affecting this case. Upon this question there is no direct testimony; hence the circumstances above enumerated were competent, as tending to throw some light upon the question involved. The court in the instruction complained of, enumerated some, only, of the above facts concerning which witnesses had testified, and told the jury that they might consider such facts in determining whether appellant was the principal on said note. There was no error in giving this instruction.

As to the other grounds stated in said motion for a new trial, we have read all the evidence offered on the trial. There is evidence to sustain the finding of the jury, and the verdict is not contrary to law.

We find no error in this record, and the judgment is therefore affirmed.