JOHANN REALTY CORPORATION *v.* KIRKPATRICK, ADMINISTRATOR ET AL.

[No. 14,218. Filed October 16, 1932. Rehearing denied January 15, 1932. Transfer denied June 14, 1934.]

*E. Menzies Lindsey* and *Thomas W. Lindsey*, for appellant.

*Frank C. Core, Albert W. Funkhouser, Arthur F. Funkhouser*, and *Benjamin J. Biederwolf*, for appellees.

WOOD, J.—The facts essential to a decision of this case, as they appear in the record, are as follows: On February 7, 1927, the appellant and the appellee, Rose M. Kirkpatrick, and her husband John Kirkpatrick, then in life, entered into a written contract, by the terms of which appellant agreed to sell and the Kirkpatricks agreed to buy a certain vacant lot in the city of Evansville for the agreed price of $1,774,51. This consideration was to be paid by the Kirkpatricks in printing, for

the use and benefit of the Evansville Planing Mill Co., and the Johann Manufacturing Co., to be performed from time to time as demanded, until the amount thereof was equal to the sum of $1,774.51. The Kirkpatricks were also to pay certain taxes, sewer assessments, and other items of expense, if and when made. Upon the payment of the consideration in the manner above stated and the payment of taxes and assessments pursuant to the terms of the contract, appellant was to execute and deliver to the Kirkpatricks a warranty deed for the lot. John Kirkpatrick died on December 17, 1927, leaving the contract in process of performance. Rose M. Kirkpatrick qualified as administratrix of his estate. At the time of his death there had been paid on the consideration of the contract, in printing, the sum of $1,072.93. After the death of John Kirkpatrick, printing services were rendered by his estate and applied upon said contract upon dates and in amounts as follows: March 31, 1928, $317.50; May 16, 1928, $308; August 21, 1928, $76.08; the total amount of the services so rendered being $1,774.51.

It was stipulated between the parties that the purchase price for the lot had been fully paid pursuant to the terms of the contract. Also, that after the execution of the contract and before the bringing of this action, the appellant conveyed the title to the real estate in question to parties other than Rose M. Kirkpatrick or her husband, John Kirkpatrick. The evidence, which is not in conflict, shows that the conveyance was made April 23, 1928. It will be observed that the last two payments upon the contract were made after appellant had conveyed the lot to third parties. Whether at the time those two payments were made, Rose M. Kirkpatrick, in her individual capacity or as administratrix, was aware of this conveyance is a disputed fact.

While we do not regard it as material to a determination of this case, it appears from the record that during

the year 1927 a residence had been erected upon the lot by the Evansville Planing Mill Co. It was not completed for occupancy until after the death of John Kirkpatrick. Whether the appellee Rose M. Kirkpatrick refused to accept the house from appellant, or whether appellant offered to deliver and turn it over to her after completion are facts upon which the evidence is in conflict.

Appellant never tendered either of the Kirkpatricks a deed for the property, nor did it after conveying the house and lot to third parties tender to appellees the purchase price received in printing, to reimburse them for the payments made upon the consideration for the lot, but retained the value of the services rendered as heretofore set out.

On December 3, 1928, appellees filed their complaint against appellant and the Evansville Planing Mill Co. for damages suffered for breach of the contract for sale and purchase of the lot, alleging execution of the contract, payment of the purchase price of the lot in full, transfer of the lot by appellant to third parties so that appellant could no longer carry out said contract; that the lot was worth $2,500 and asking for judgment in that amount. A demurrer was filed to this complaint, which was sustained as to the Evansville Planing Mill Co., and overruled as to appellant. Appellant then filed an answer in two paragraphs, the first was a general denial, the second alleging the execution of the contract for the sale and purchase of the lot; that the Kirkpatricks thereafter without the knowledge and consent of appellant, entered into a contract with the Evansville Planing Mill Co. for the erection of a house upon the lot, the death of John Kirkpatrick, the completion of the house thereafter; that said house had not been paid for, that the appellee Rose M. Kirkpatrick refused to carry out plans that had been agreed upon previous

to her husband's death to finance said house, and refused to further carry out the terms and conditions of said contracts for the purchase of the lot or payment of the house; that with knowledge and consent and upon request of appellee Rose M. Kirkpatrick the house was sold by appellant and its related companies, to the third parties; the money received therefrom to be applied in payment of the amount owing to the Evansville Planing Mill Co., other enumerated expenses, and after their satisfaction any balance should be paid to appellee to apply on the purchase price of the lot. There was no reply filed to this paragraph of answer. The cause was tried by the court without a jury; finding and judgment was in favor of the appellees. Motion for a new trial was overruled and appellant appeals to this court assigning as error, (1) that the court erred in overruling appellant's demurrer to the complaint, and (2) in overruling appellant's motion for a new trial.

While appellant in its brief under points and authorities, has stated that the court erred in overruling its demurrer to appellee's complaint and sets out thereunder certain legal propositions, it fails to support them with any authorities, neither does it make any specific application of them to the instant case or support their applicability to the error complained of by any reasoning or argument. We therefore deem the assignment of error on this ruling waived. *Newcastle, etc., Co.* v. *Doty* (1906), 168 Ind. 259, 79 N. E. 485; *Washington, etc., Co.* v. *Bedford Co.* (1924), 195 Ind. 128, 143 N. E. 156; *Baker* v. *Stehle* (1918), 187 Ind. 468, 119 N. E. 4; *Aldridge* v. *Clasmeyer* (1919), 71 Ind. App. 43, 123 N. E. 825; *Kinnison* v. *Rarick* (1919), 71 Ind. App. 455, 125 N. E. 80.

The first reason assigned for a new trial is that the finding of the court is not sustained by sufficient evi-

dence. In support of this proposition, appellant insists that in an action by the vendee for specific performance of a contract to convey real estate or for damages for its breach, it is incumbent upon such vendee to prove, that he had performed all the conditions to be performed upon his part under the contract before he is entitled to recover. As a general proposition this statement is correct. Upon this question however the evidence in the record is conflicting and the finding of the trial court is binding upon this court unless there is a complete failure of evidence upon some essential element required to make a case. From the evidence and the reasonable conclusions to be drawn therefrom we do not find any such elements lacking in the instant case. *Adams* v. *Laugel* (1895), 144 Ind. 608, 42 N. E. 1017; *Bischof* v. *Mikels* (1897), 147 Ind. 115, 46 N. E. 348; *Southern R. Co.* v. *Howerton* (1914), 182 Ind. 208, 105 N. E. 1025; *Doering* v. *Schneider* (1920), 74 Ind. App. 294, 128 N. E. 936.

But in this case it is stipulated between the parties that upon April 23, 1928, appellants conveyed the real estate involved in this contract in suit to third parties. This had the effect of placing appellant in a position where it could not perform the contract. Its conduct really amounted to a rescission of the contract. So appellant is now within the general rule, announced and sustained by many authorities on contracts, to the effect that, "If a party to a contract, either before the time of performance, or in the course of performance, makes performance or further performance, by him impossible, the other party is discharged and may sue at once for breach of contract." Clark on Contracts, p. 562; Anson on Contracts (8th Ed.), p. 292; 3 Elliot on Contracts, sec. 2039; 1 Beach Modern Law of Contracts, sec. 403; 6 R. C. L. sec. 387, p. 1028; *Lowe* v. *Hammond* (1895), 139 Mass. 133, 29 N. E. 538.

Appellant next complains that the amount of damages awarded by the court, to wit $1,774.51, is too large. This was the exact amount of the purchase price which the appellees were to and did pay for the lot. There is evidence in the record from which the trial court could find that the value of the lot was equal to said amount. This court cannot disturb the finding of the trial court on this phase of the case.

As the fourth and last reason for a new trial, it is alleged that the evidence fails to establish a joint cause of action in favor of the plaintiffs, but only establishes two separate and distinct causes of action in favor of each of the plaintiffs, if it establishes any cause of action at all. Section 270, Burns 1926, provides that, "all persons having an interest in the subject of the action, and in obtaining the relief demanded, shall be joined as plaintiffs." Rose M. Kirkpatrick and her husband both joined in the contract as vendees for the purchase of the lot, she in her individual capacity and as administratrix of her deceased husband's estate had a common interest in the damages to be recovered, if any, because of the alleged breach of the contract, and it was proper for them to be joined as plaintiffs. *Spencer* v. *McGuffin* (1920), 190 Ind. 308, 130 N. E. 407. But even though there be a defect of parties plaintiff or a misjoinder of causes of action, which we do not hold, appellant by joining issue and going to trial waived the error and cannot now make complaint. *Perley* v. *Schmidt* (1911), 48 Ind. App. 344, 95 N. E. 616.

Finding no error the judgment is affirmed.