**CROWE et al. v. GARY STATE BANK.**

No. 7629.

Circuit Court of Appeals, Seventh Circuit.

Nov. 6, 1941.

514

Albert H. Gavit and Kenneth Call, both of Gary, Ind., for appellant.

Richard P. Tinkham and Wasson J. Wilson, both of Hammond, Ind., for appellees.

Before SPARKS, KERNER, and MINTON, Circuit Judges.

KERNER, Circuit Judge.

Plaintiffs sued defendant for breach of contract. The case was tried before a jury, resulting in a verdict for plaintiffs upon which judgment was rendered. To reverse the judgment, defendant appeals.

The amended complaint alleged that defendant, as collateral security for a debt of one Wesley R. Ginder, held a real estate note and mortgage which it foreclosed, and at the foreclosure sale purchased the real estate, obtaining in its name a sheriff's certificate of sale. On July 14, 1932, defendant entered into a written agreement with William H. Welter and Company to sell to the latter for $17,300 the real estate mentioned in the certificate of sale. The agreement provided. that in the event a sheriff's deed was issued to the defendant at the end of the period of redemption, the

defendant bank would convey to the purchaser all of its title to the real estate upon payment of the purchase price with interest at eight per centum per annum on or before January 15, 1934. If, however, lawful redemption was made, the contract was to be null and void. The complaint further alleged that on July 13, 1933, the agreement above described was assigned to plaintiffs.

The complaint further alleged that Burke Brothers Company held a lien against the real estate which entitled the company to redeem from the foreclosure sale and that the defendant, with the purpose and intent of depriving plaintiffs of their rights as assignees of the July 14, 1932 agreement, procured Burke Brothers to effect a redemption of the real estate; that with said purpose and intent the defendant lent its credit to Burke Brothers in order to effect said redemption and thus defendant voluntarily repudiated and disavowed the agreement of July 14, 1932, with the intent and purpose of defeating the rights of the plaintiffs, and placed it out of defendant's power to perform its said agreement with plaintiffs.

To this complaint the defendant pleaded failure and want of consideration, that the contract was ultra vires and that its board of directors never authorized the execution of the contract. It also alleged that Ginder was at all times the owner of the certificate of sale and that Welter and Company had knowledge thereof. It denied it procured Burke Brothers to redeem or that it lent its credit to them to effect redemption.

At the outset we are met with the contention that the agreement was by its terms merely an option, which was never exercised.

The case was tried upon the theory that the defendant, as vendor under a contract of sale, voluntarily rendered its performance impossible by causing a condition to occur which had the effect of excusing plaintiffs from performance, Johann Realty Corp. v. Kirkpatrick, 99 Ind.App. 70, 189 N.E. 843; Home Development Co. v. Arthur Jordan Land Co., 100 Ind.App. 458, 196 N.E. 337; and Foreman, etc., Bank v. Tauber, 348 Ill. 280, 286, 180 N.E. 827, and since defendant committed a breach of the contract before the time for plaintiffs' performance, it was not necessary to prove that plaintiffs were ready and able to perform. Nesbit v. Miller, 125 Ind. 106, 25 N.E. 148 and Mortgage Underwriters v. Stuckey, Ind.App., 27 N.E.2d 111.

An option is merely a contract by which the owner of property agrees with another person that the latter shall have the power to purchase the former's property at a fixed price within a certain period. In other words, the owner by the option does not sell his property, but he does subject himself to the liability of having to convey the property if the option is exercised within the time and in the manner stipulated. Barnett v. Meisterling, 327 Ill. 564, 570, 158 N.E. 806.

The rule is well established that the form and name of an instrument is not controlling, for the law looks through form to substance and gives effect to the intentions of the parties. In re Aurora Gaslight, etc., Co., 64 Ind.App. 690, 113 N.E. 1012; Chenoweth v. Butterfield, 11 Ariz. 315, 94 P. 1131; and Walb-Construction Co. v. Chipman, 202 Ind. 434, 175 N.E. 132. Defendant concedes the rule and argues that the intent and purpose of the parties was to give Welter and Company an option, and points to the fact that the instrument was entitled option, that in the third paragraph reference is made to this option, and in the assignment of the contract to plaintiffs it is captioned assignment of option and in its body refers to itself as an option.

We have no difficulty in determining that the instrument was not an option. It recites that the defendant agrees to sell for $17,300 and an absolute promise on the part of Welter and Company to pay that sum; the time of payment is definitely fixed; the balance of the purchase price carries interest and there is a positive agreement to assign the certificate of sale or convey the real estate upon payment of the purchase price. Under such circumstances we are forced to the conclusion that the instrument contained all the essential elements of an executory contract for the sale of real estate. Barnett v. Meisterling, supra; In re Aurora Gaslight, etc., Co., supra; Chenoweth v. Butterfield, supra; Gompert v. Frost, 188 Iowa 1039, 177 N.W. 71; Marquez et al. v. Cave, 134 Kan. 374, 5 P.2d 1081; and Suburban Imp. Co. v. Scott Lumber Co., 4 Cir., 59 F.2d 711.

Defendant next complains that the court committed an error in submitting to the jury the question whether the instrument was an option or a vendor-purchaser

contract. Unquestionably the rule is that the construction and meaning of a written instrument is a question of law for the court and not a question of fact for the jury to determine. Barbasol Co. v. Leggett, 19 N.E.2d 481, 106 Ind.App. 290.

The court instructed the jury that it was leaving it to them to determine whether the parties intended to execute an absolute contract for sale and purchase of real estate or whether they intended to execute only an option, and that if the defendant did not intend to bind Welter to pay the things recited in the contract, then it might be construed as an option and plaintiffs could not recover.

A somewhat similar situation existed in Gompert v. Frost, supra. In that case, in disposing of the contention that the trial court erred in permitting the jury to pass upon the question whether the contract was intended as a contract of sale or as an option, the court said at page 73 of 177 N.W.: "If this assignment of error be well taken, * * * the error so committed was without prejudice."

We too are of the opinion that if the giving of this instruction was erroneous, the error was harmless, because in finding for the plaintiffs the jury, in view of the instructions given, necessarily found that the instrument was a contract for the sale of real estate. Moreover, the defendant is in no position to complain since it also requested the court to instruct the jury that if they found the parties had construed the instrument as an option, their finding must be for the defendant.

Counsel also contends that the contract was not binding on the defendant, because the contract had not been authorized or ratified by its board of directors, and at all events it was ultra vires the powers of a bank incorporated under the laws of the State of Indiana. We do not think the points well taken.

The statute under which the defendant corporation was organized empowered defendant to buy and sell evidences of debt, and to purchase and convey real estate purchased under judgments, decrees, or mortgages held by it, or purchased to secure debts due it. Burns, 1926 §§ 3860, 3861. In our case the defendant purchased the real estate under a decree held by it to secure a debt due it; consequently, the contract was not ultra vires the powers of the corporation.

We now consider whether the contract was binding upon the defendant. The statute provides that the general business of the defendant corporation shall be under the control and management of a board of directors. Burns, 1926 § 3852. Under this statute the directors have full authority to act for the corporation, and represent it in all the matters relating to the corporate business. The board of directors may however invest its president with authority to act for the corporation; this may be done by resolution or by acquiescence in the course of dealing and manner of transacting the business of the corporation. When a contract is made by the president in the name of a corporation, in the usual course of business, and the directors have the power to authorize the making of such contract, the presumption is that the contract is binding on the corporation until the lack of authorization is shown. National State Bank v. Vigo, etc., Bank, 141 Ind. 352, 40 N.E. 799, 50 Am.St. Rep. 330.

In this case the contract was executed by the president of the bank, attested by its cashier and its corporate seal affixed thereto. The contract concerned the business of the bank and was executed in the usual course of the bank's business. Under such circumstances Welter and Company were warranted in believing that the president and cashier were authorized to attend to the usual business of the bank. Their act bound the bank. First National Bank v. New, 146 Ind. 411, 45 N.E. 597.

We now consider the main question in the case. Counsel for defendant contends that the evidence does not fairly and reasonably tend to establish that the defendant, with the intent and purpose of defeating plaintiffs' rights under the contract, procured Burke Brothers to effect a redemption of the real estate. In considering and determining this question we must adopt the state of facts and all favorable inferences reasonably and naturally to be drawn therefrom which are most favorable to the plaintiffs.

The plaintiffs were house movers and in 1930 were employed by Welter and Company to move an apartment building upon the real estate described in the contract of July 14, 1932. For rendering these services plaintiffs acquired a mechanic's lien, which was junior to a first mortgage and to a second mortgage to the Gary State Bank as trustee. The lien was of equal priority

with the other mechanics' liens including the one of Burke Brothers. On February 23, 1932, all the liens were foreclosed, resulting in a decree in which the liens were marshalled as follows: first lien, First State Bank of Gary, $5,060; second, The Gary State Bank, as trustee, $11,330; third liens, Crowe Brothers $17,495 and all others, including Burke Brothers Company, $5517.

On January 28, 1931, Wesley R. Ginder, the auditor and trust officer of the defendant, and his wife were indebted to defendant and to evidence this indebtedness they executed a note and pledged as security the above mentioned second mortgage. July 15, 1932, the sheriff sold the real estate pursuant to the foreclosure decree and defendant, individually, bought the real estate, obtained a certificate of sale and held it as a collateral for the Ginder note.

On July 14, 1932, the contract in question was executed and, contemporaneously, by a separate instrument, Welter and Company assigned the rents accruing from the real estate to the defendant with full power to collect and receive the rents. July 14, 1932, the mother of the president of Welter and Company was the record owner of the real estate, having received the title from Welter and Company. December 15, 1932, she reconveyed the title to Welter and Company. During that period Welter and Company were in possession of the building and collected the rents. July 13, 1933, the contract in question was assigned by Welter and Company to plaintiffs and that fact was brought to the attention of W. W. Gasser, president of the defendant corporation.

The last day for redemption was July 15, 1933. On that day plaintiffs were informed by Welter that Burke Brothers were not financially able to redeem and that no redemption was to be made. That same morning after plaintiffs had provided themselves with sufficient funds with which to redeem, they proceeded to the office of the Lake County Court and remained there until it closed for the day. Before leaving the clerk informed them that no redemption thereafter was possible. Shortly before midnight of that day, Burke Brothers effected a redemption.

On the day the redemption was made Burke Brothers' balance in the Gary State Bank amounted to $793. That morning the bank accepted a check drawn on Burke Brothers' account for $18,680.61, in payment of defendant's cashier's check for a like amount, payable to the clerk of the Porter County Superior Court for the purpose of effecting a redemption. Since the proper place for redemption was in the Lake County Circuit Court, the check was made payable to the wrong clerk. It appears that when Burke Brothers' agent arrived at the clerk's office in Lake County, he had with him the cashier's check, payable to the clerk of the Porter County Superior Court. The clerk refused to accept the cashier's check because it was payable to the clerk of the Porter County Court; thereupon Burke Brothers' agent tendered Burke Brothers' personal check. The court clerk accepted said personal check and deposited it to his account in the Commercial Bank. July 17 the cashier of the Commercial Bank and the Lake County clerk called at defendant's bank, the cashier taking with him for collection Burke Brothers' personal check for $18,680.61. The clerk drew a check on the Commercial Bank payable to the defendant for the redemption amount. This check defendant endorsed and gave to the cashier of the Commercial Bank, at the same time delivering to the clerk the sheriff's certificate of sale. Thereupon the clerk delivered his certificate of redemption to defendant. The cashier's check issued by the defendant was returned to the bank cancelled.

This evidence and the reasonable inferences flowing therefrom reasonably tended to prove plaintiffs' cause of action. The question, being one of fact for the jury, their determination in favor of the plaintiff is binding upon us. Great Atlantic, etc., Co. v. Austin, 214 Ind. 54, 60, 61, 13 N.E.2d 542, 14 N.E.2d 538.

We have considered the other assignments made by defendant, but find no reversible error.

Judgment affirmed.