GEORGE P. NELSON, ET AL. V. SAMUEL F. MATHER.

*Error from Wyandotte County.*

ACTION: POSSESSION.—In an action for cutting down and carrying away timber, from a certain piece of land in the possession of the plaintiff below, who claims to be the owner thereof, and whose evidence of title is: 1st, A patent from the United States to an incompetent Wyandotte Indian, issued under article 4, of the treaty with the Wyandottes, of January 31, 1855; and, 2d, A deed not approved by the Secretary of the Interior, from said Wyandotte Indian to himself: *Held,* That the plaintiff may maintain the action; that although his title may be defective, yet while he is in possession, claiming to be the owner, and has color of title, no mere wrong doer can dispute his title.

The facts of the case sufficiently appear in the opinion of the court.

*Glick and Scroggs,* for plaintiffs in error.

*Jesse Cooper,* for defendant in error.

*For plaintiff in error,* it was contended:

1. To maintain the action plaintiff must show not only possession, but a lawful and legal one. 1 *Cow.*, 546.

2. The plaintiff below did not show this. His chain of title was defective in this, that his deed was never approved by the Secretary of the Interior, as required by treaty with Wyandottes, January 31, 1855, article 4. *See* 1 *Wheat.*, 257, 258.

3. Trespass is but a possessory action. *Graham v. Peal*, 1 *East*, 244; *Harker v. Kirby, Burr*, 1563; *Carey v. Holt*, 2 *Strat.*, 1238 *and notes "B" "F" and "G."*

4. Hence plaintiff must show a legal title to his possession when a title superior to possession is shown in another. *Chamber v. Derulson*, 11 *East*, 66.

Plaintiff also cited Rowland v. Rowland, 80 *O.*, 40; Campbell v. Arnold, 1 *Johns.*, 511; 12 *id.*, 9; Holmes v. Suley, 19 *Wend.*, 507; 1 *Chitty*, 177; 19 *Barb.*, 560; 7 *Johns.*, 273; 1 *Comst.*, 528; 3 *Blacks.*, 209; 11 *Mo.*, 592.

*By the Court,* VALENTINE, J.

This action was commenced originally in the court below by said Samuel F. Mather, as plaintiff, against the said plaintiffs in error, who were defendants in the court below, to recover damages for cutting down and carrying away timber from a certain piece of land.

The case was tried before a referee, who found in favor of the plaintiff below as follows: Said land was originally a part of the Wyandotte reserve. The United States under article 4, of the treaty with the Wyandottes, of January 31, 1855, issued a patent for said land to one Susan Hicks, an incompetent Wyandotte Indian, with a condition in it, that she should not convey the same without the consent of the Secretary of the Interior. After-

wards she conveyed the land to the plaintiff below by a deed, regular in every respect, except that it had not been approved by the Secretary of the Interior. The plaintiff below took possession of said land under the deed, and claimed to be the owner thereof. Afterwards, and while this plaintiff below was in possession of the land as aforesaid, the defendants below entered upon said land, and cut down and carried away the timber therefrom, without any claim of right so to do. The court below rendered judgment for the plaintiff below, and against the defendants, upon these findings of the referee, for the damage done to the land, by reason of the cutting and carrying away of the timber. While the plaintiffs in error assign some seven errors, yet the only question presented by the record for us to consider, is whether the court below erred in rendering such judgment as aforesaid, upon the findings of the referee. We think that the court did not err.

TRESPASS: Ownership. The proposition that a party in possession of real estate can maintain trespass, *quære clausum fregit*, against a mere wrong doer, for any injury to his possession, is too well settled to be controverted. It is true that the measure of his damages will depend upon the nature and extent of his interest in the premises. If he has no interest in the land, he could recover nothing for any injuries to the land. If he has no interest in the timber, he could recover nothing for any injuries to the timber. In such cases, he could recover merely nominal damages, for the disturbance of his possession.

COLOR OF TITLE. But in this case, the plaintiff is not only in possession, but he claims to be the owner of the land, and has color of title thereto, and however defective his title may be, yet for the purposes of this suit

he must be deemed to be the real owner of the premises, and may recover not only for the mere disturbance of his possession, but may also recover for all injuries to the inheritance. It would be very bad policy to allow a mere wrong-doer, after he has committed a trespass, when he is sued for it, to interpose embarrassing and perplexing questions of ownership, to litigate nice and intricate questions of title, with the party in possession, who claims to be the owner, and who has color of title. [*See* 1 *Chitty's Pl.*, 61, 149, 175, 176.] We do not think it is necessary to refer to " an act in relation to incompetent Wyandotte Indians," approved February 19th, 1869. *Laws of* 1867, *page* 285.

The judgment of the court below is affirmed.

All the justices concurring.