# SUPREME COURT,

## STATE OF KANSAS.

## JULY TERM, 1877.

PRESENT:

HON. ALBERT H. HORTON, CHIEF JUSTICE.
HON. DANIEL M. VALENTINE, } ASSOCIATE JUSTICES.
HON. DAVID J. BREWER,

## FRANCIS HEFLEY, *et al.*, V. GEORGE W. BAKER.

1. TRESPASS *Quare Clausum Fregit; Possession; Title; Damages.* An action in the nature of trespass *quare clausum fregit* may be maintained against a mere wrongdoer, by any person in the possession of the land upon which the trespass is committed, without any reference to who owns the land; and the plaintiff may in such a case recover for whatever loss he sustains, and if no actual loss is shown, he may then recover nominal damages.

2. GROWING GRASS, *Part of the Realty.* Wild prairie grass growing on land is a part of the realty, and belongs to the owner of the land; and a person merely in the possession of the land, without any claim to the land, and without any license or permission from the owner of the land to use the grass, cannot recover, even in an action of trespass *quare clausum fregit*, and even from a wrongdoer, for the destruction of the grass. The owner of the land only, in such a case, can recover for its destruction.

3. EXEMPLARY DAMAGES; *When Recoverable.* Where the defendants, who were mere wrongdoers, drove their cattle onto the plaintiff's premises, and herded them there, and refused to allow the plaintiff to drive them off, and threatened to shoot the plaintiff if he attempted to do so, the plaintiff may, in an action of trespass *quare clausum fregit*, recover exemplary damages.

2—19 KAS.

*Error from Wilson District Court.*

ACTION of trespass, brought by *Baker* against *Francis Hefley* and *Thomas Cain.* Trial at the May Term 1875, of the district court. Verdict and judgment in favor of *Baker,* and defendants bring the case here on error. The opinion contains a sufficient statement of the facts.

*J. W. Sutherland,* and *Ruggles & Sterry,* for plaintiffs in error.

*W. J. Yates,* and *R. D. Hartshorne,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of trespass *quare clausum fregit* brought by Baker for injuries done by Hefley and Cain's cattle upon land occupied by the plaintiff. The evidence introduced on the trial shows that the plaintiff was in the possession of the land, but also shows that he did not own the same, nor claim to own it, and had no interest therein further than his mere possession thereof. The defendants did not have the slightest interest in or claim to the land. According to the plaintiff's evidence, which under the verdict must be taken as true, the defendants drove their cattle upon the plaintiff's premises, and herded them there, and would not allow the plaintiff to drive them off, but threatened "to shoot the plaintiff's brains out if he attempted to do it." A portion of the plaintiff's premises was fenced, and he resided thereon; but that portion of the premises where the trespasses were committed was not fenced.

The defendants, who are plaintiffs in error in this court, claim that upon the foregoing facts the plaintiff below cannot maintain this action at all; but that even if he can, he cannot recover more than merely nominal damages.

1. Trespass, a possessory action; title. We think the plaintiff may maintain the action. Trespass *quare clausum fregit* is a mere possessory action, and may be maintained against a mere wrongdoer by any person in the possession of the land upon which the trespass is committed, without any reference to who owns the land. ( 5 Kas.

153; 7 Kas. 42, 43; 12 Kas. 604, 605.) The action is merely for injuries to the plaintiff's possession; and where no actual injury is shown, the law presumes injury and gives nominal damages. The plaintiff may however in this action, upon proper pleadings and proof, recover for all injuries done to either his real or personal property, if done in connection with the trespass and in connection with the injury to the plaintiff's possession. With reference to the plaintiff's right to maintain the action, it can make no difference as to who may own the land, whether it be the government, or Indians, or a railroad company, or some private individual. In either case the plaintiff may maintain the action, and may recover for any loss which he may sustain. And if he shows no actual loss, then he may recover nominal damages. In the present case we suppose that the government owns the land, though it is not shown by the record who owns the same.

With reference to a person driving his cattle upon another's premises, or herding them there, see *Larkin v. Taylor*, 5 Kas. 434, 446; *Powers v. Kindt*, 13 Kas. 74, 76. We think

2. Growing grass, part of realty. the plaintiff is entitled to recover at least nominal damages in this case. The only damage that the defendants' cattle did in the present case was to eat up and destroy the wild prairie grass growing on the said land. This grass was a part of the realty, and belonged to the owner of the land, and not to the plaintiff. (*Powers v. Clarkson*, 17 Kas. 218.) The plaintiff does not claim to have had any permission or license from the owner to use the grass. He had no contract, and no understanding of any kind with the owner of the grass. We would therefore think that the plaintiff cannot recover for the destruction of the grass. The owner only can recover for its destruction.

The court below gave the following instruction to the jury, to-wit: "When the elements of malice, gross negligence, or oppression, mingle in the controversy, the law allows the jury

3. Exemplary damages. to find what are termed exemplary or vindictive damages; that is, damages inflicted by way of penalty or punishment, given to the party injured."

The plaintiffs in error complain of this instruction. We think however it is substantially correct. The decision in the case of *Wiley v. Keokuk*, 6 Kas. 94, 106, would authorize it; though the negligence that would authorize exemplary damages must be so gross as to amount to wantonness; (*L. L. & G. Rld. Co. v. Rice*, 10 Kas. 426, 437; *K. P. Rly. Co. v. Kesler*, 18 Kas. 523.) We would think that exemplary damages would be proper in this case. The plaintiff had the quiet, peaceable and exclusive possession of the property upon which the trespass was committed, and the defendants knew it. The defendants had no right whatever to the property, and this they also knew. But notwithstanding this knowledge, they drove their cattle onto the plaintiff's premises, against his known wishes and consent, and herded them there, and refused to permit the plaintiff to drive them off, and threatened to shoot him if he attempted to do it. Thus they pastured their cattle on the plaintiff's premises for about three months—driving them on every second or third day, in the morning, pasturing them on the land during the day, and driving them off in the evening. This is according to the plaintiff's evidence, which we take to be true, as the jury found for the plaintiff. The jury found in favor of the plaintiff, and against the defendants, and assessed the plaintiff's damages at $75. This was actual damage, according to the sixth special finding of the jury. The jury gave nothing to the plaintiff as exemplary damages. This verdict was therefore erroneous, and should have been set aside. The plaintiff was not entitled to anything as actual or compensatory damages. He was only entitled to nominal damages and to such exemplary damages as the jury might think proper to give him. The court therefore erred in refusing to set said verdict aside, and in refusing to grant a new trial. The court below committed some other errors which it is not necessary to mention.

The judgment of the district court will be reversed, and cause remanded for a new trial.

All the Justices concurring.