Bricker v. Ledbetter.

| 26 | 239 |
|----|-----|
| 51 | 137 |

| 26 | 269 |
|----|-----|
| 65 | 215 |

W. H. BRICKER, *et al.*, v. CHRISTINA LEDBETTER.

1. TITLE, *Prima Facie Evidence of.* Where it appears that a husband and wife entered into the possession of vacant land, built a house thereupon, and occupied it, such possession is *prima facie* evidence of title, and sufficient as against a mere trespasser and wrong-doer.

2. HOUSE, *Equitable Title of Wife to.* Where instruments are proved which equitably, if not legally, as between husband and wife, vest the entire title to the premises so occupied in the wife, such equitable title in the wife is sufficient to sustain an action brought by her to recover the possession of a house removed from the premises by a mere wrong-doer.

*Error from Crawford District Court.*

REPLEVIN, brought by *Ledbetter* against *Bricker* and wife, to recover the possession of a certain house. Trial at the January Term, 1881, of the district court, and judgment for the plaintiff. The defendants bring the case here. The facts appear in the opinion.

*Pursel & Wood,* and *Robinson & Harkless,* for plaintiffs in error.

*D. B. Van Syckel,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action brought by defendant in error (plaintiff below), in replevin, for the recovery of the possession of a house. These facts are undisputed: The house was built on a tract of land in Missouri, which at one time was occupied by defendant in error, and her husband; it was thereafter removed therefrom, placed upon land in Kansas, and occupied by plaintiffs in error. It also appears that in 1878, defendant and her husband were living in Indiana. At that time, the Missouri land was vacant. A deed from the husband of defendant in error and herself, to one Franklin A. Hay, and one from Franklin A. Hay to defendant in error, of the land upon which the house was built, were executed. Then defendant and her husband moved upon the land and built the house. Thereafter, defendant in error, unable to live longer with her husband, left the premises in his possession, and moved to the county seat. After she had thus left the premises, the house was moved off from said land upon the land of plaintiffs in error, and occupied by them, but under what claim of right, or by purchase from whom, does not appear. Plaintiffs in error (defendants below) rested their case upon the weakness of plaintiff's evidence of title, and introduced no testimony tending to show any right in themselves. The only question therefore is, whether the plain-

tiff (defendant in error) made such a *prima facie* showing as in the absence of opposing testimony would entitle her to a recovery.

The argument of plaintiffs in error is substantially this: First, that no chain of title from the government down, is shown; second, that when a husband and wife are shown to occupy premises, the possession is *prima facie* the possession of the husband and not of the wife; third, that the deeds purporting to convey the land from a husband and wife to a stranger and from such stranger to a husband and wife, were not sealed, as the statutes of Missouri require, and were therefore invalid as a transfer of title; and as a conclusion therefrom, that the only title shown being that flowing from possession, and that possession being the possession of the husband, he alone could maintain an action for the recovery of the house removed.

We think the decision below must be sustained; that upon the testimony it was correct, and for these reasons: Possession

1. Prima facie evidence of title.

is some evidence of title; it may be said to be *prima facie* evidence of title, and in the absence of other testimony is sufficient to sustain a judgment in favor of title. That defendant in error and her husband were in possession of the house and land upon which it stood, is unquestioned; that possession, unchallenged, is evidence of title. We agree with counsel, that such possession is *prima facie* the possession of the husband, and proves title in him; but wherever it appears that legally or equitably the title, whatever it may be, thus evidenced by possession, is in fact vested in the wife, such evidence is sufficient to sustain the wife's claim to the property or any part thereof, when challenged by a mere wrong-doer. (*Going v. Orns*, 8 Kas. 85.)

Now the deeds by which title was attempted to be transferred from husband to wife may be conceded to be insufficient under the laws of Missouri, as shown by the testimony. In other words, they may be impotent to pass the legal title, but as a contract which equity will recognize and enforce, they are be-

yond question sufficient. That they were executed, is clearly shown by the testimony, independent of the acknowledgments. That sufficient consideration therefor also existed, is shown; and if they did not operate as a legal transfer of title, they were unquestionably contracts for the transfer of title which equity would respect and enforce. Under such instruments, defendant in error could assert her rights as against her husband. While they may not have been sufficient to pass the legal title, they vested equitable rights in her, which a court of equity would respect and enforce as against her husband; and plaintiffs in error are certainly in no better position to challenge the effect of those instruments. They come before the court in the attitude of trespassers, mere wrong-doers, without color of right. There is nothing to indicate that they purchased from anybody. They appear as parties going upon land to which they had no shadow of claim, and taking therefrom a house and putting it upon their own land. They are not in a position to lay much stress on insufficiency of notice, or irregularities in plaintiff's evidence of title. If plaintiff makes a *prima facie* showing of title, it is good as against them, apparently mere wrong-doers.

2. House, equitable title of wife to.

Another question arises: Plaintiffs in error insist that if the action could be maintained at all, it was maintainable against William H. Bricker alone, and not against him and his wife jointly; that the possession of the house, although it was occupied by himself and wife, was *prima facie* only his possession. We think there is testimony enough to sustain the ruling of the court upon this question. It would seem from the testimony that plaintiffs in error were occupying the house as their homestead, and such occupancy is, under the laws of Kansas, the joint occupancy of husband and wife. It appears from Mrs. Ledbetter's testimony that on examination she found that the land upon which the house stood was claimed by Mrs. Bricker; demand was made upon both of the defendants; they jointly gave a redelivery bond, and upon these

facts there was no impropriety in rendering a judgment against them jointly.

From the whole record we think the ruling of the district court was correct, and it must be affirmed.

All the Justices concurring.