No. 39,192

GEORGE R. FARRELL, *Appellant,* v. THE FEDERAL LAND BANK OF
WICHITA, a Corporation, *Appellee.*

(267 P. 2d 497)

Opinion filed March 6, 1954.

*Erle S. Francis,* of Topeka, argued the cause, and *Erle W. Francis,* of Topeka, was with him on the briefs for the appellant.

*Edw. H. Jamison,* of Wichita, argued the cause, and *John W. Brookens,* of Westmoreland, and *Wm. G. Plested, Jr.,* of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is an action on a contract wherein the plaintiff seeks to compel the defendant Federal Land Bank to convey certain real estate therein described and pay damages for other land, also included in the description, which plaintiff alleges cannot be delivered in conformity with that agreement. The appeal is from a ruling sustaining the defendant's demurrer to the petition.

Upon commencement of the action by the filing of the petition the defendant moved to make that pleading more definite and certain by stating (1) on what date the plaintiff went into possession of the premises involved; (2) whether (*a*) the alleged shortage in acreage existed at the time of the execution of the contract, which was made a part of the petition, and (*b*) if such shortage occurred since the execution of that agreement, by stating how, in what manner or by what agency, event or cause such shortage occurred; and (3) more definitely the shortage in acreage relied upon for recovery of damages.

After the foregoing motion, over the plaintiff's resistance, had been sustained as to grounds 2(*a*) and 3 and overruled as to grounds

1 and 2($b$), plaintiff filed an amended petition. In most respects the allegations of these two pleadings were identical. However, it may be stated, that italicization of the amendments made as a result of the ruling on the motion, will disclose everything appearing in both pleadings. For that reason, and others to be presently disclosed, we shall quote at length from the amended petition which, in the interest of brevity, will be hereafter referred to as the petition. Omitting preliminary averments and formal allegations respecting identity and residence of the parties such pleading reads:

"For his cause of action against the defendant, plaintiff alleges and says that on the 5th day of March, 1942, defendant was the owner and in possession of the following described real estate, lying and situate in Pottawatomie County, Kansas:

"NW ¼ of NW ¼; also Lot 1 and that part of Lot two lying south of the right-of-way of the Union Pacific Railroad Company, in Section 6, Township 10S, Range 11E of the 6th P. M., containing 89.7 acres, more or less, according to government survey thereof, subject to an easement in favor of Pottawatomie County, dated January 22, 1941, subject to an easement in favor of the Kansas Power and Light Company, dated the 1st of August, 1941; and subject to an existing right-of-way for highway or ditches.

"That on that date defendant entered into a written contract with plaintiff to sell to him the real estate above described. A copy of said agreement is hereto attached, marked 'Exhibit A' and made a part hereof as though fully set out herein. That said agreement provided that the purchase price was to be Forty-five Hundred ($4500) Dollars; $500 to be paid upon the execution of the agreement; $500 on the first day of March, 1942, and twenty successive annual payments of $175 each, with interest at the rate of five per cent semi-annually, during a period of twenty years, and that plaintiff had the privilege of making cash payments of $100 or any multiple thereof·on any interest paying date. That plaintiff was to provide, at his expense, the necessary insurance.

"That plaintiff was to pay the taxes and assessments for the year 1942 and subsequent years.

"That plaintiff was to pay for any revenue stamps placed upon the conveyance and was to accept the abstract of title unextended.

"That said defendant, its successors or assigns, were to reserve one-quarter of the oil, gas or other minerals from said land for a period of twenty years from the date of said contract.

"That plaintiff was to take possession of said real estate, as purchaser, on March 1, 1942, or as soon thereafter as possession could be obtained, provided plaintiff had made payment of the sum of $500.00 on or before March 1, 1942, and should retain possession so long as plaintiff faithfully continued to comply with each and all of the covenants and conditions imposed upon him.

"That upon receipt of all payments provided for in said contract, defendant was to execute and deliver to plaintiff a good and sufficient special warranty deed for said real estate.

"Plaintiff alleges that at the time of the execution of said contract defendant was the owner of the NW ¼ of NW ¼ and Lot 1 North of the Union

Pacific Railroad right-of-way, in Section 6, Township 10, Range 11, in said county, which contained 31.52 acres. That Lot 2 South of the Union Pacific Railroad right-of-way, less all exceptions, contained 22.24 acres; that Lot 1, South of said railroad right-of-way, less all exceptions, contained 11 acres, all being in said Section 6, Township 10, Range 11, *making a total acreage above all easements and exceptions, which defendant agreed to convey to plaintiff, of 64.82 acres set out in said agreement, under which contract defendant agreed to convey to plaintiff and that on the date of said contract there was no shortage in the amount of land contained in said agreement.*

"*That since the execution of said agreement plaintiff has discovered that there is a total shortage of acreage in Lots 1 and 2 of 33.24 acres, which makes a shortage from the 64.82 acres above set out, and which 33.24 acres defendant agreed to convey to plaintiff, and that defendant has failed, neglected and refused to comply with the terms of said agreement and that plaintiff has made all due and proper demands upon defendant.*

"Plaintiff alleges that he has duly performed all of the conditions of said contract on his part to be performed and there is no fault on his part. That he has paid all taxes on Lots 1 and 2 in said contract for the year 1942 and subsequent years in the sum of $317.73. That he has paid interest upon the same lots under the contract in the sum of $1115.00. That in March, 1941, Lots 1 and 2 above mentioned were valued at $200.00 per acre.

"Wherefore, plaintiff prays that said covenants so made between plaintiff and defendant hereinabove set out may be specifically performed, as to the Northwest Quarter (NW ¼) of the Northwest Quarter (NW ¼) and Lot One (1) lying North of the Union Pacific Railroad, in Section 6, Township 10, Range 11, and if specific performance cannot be had as to Lots One (1) and Two (2) lying South of the Union Pacific Railroad right-of-way in Section 6, Township 10, Range 11, that the defendant be adjudged and decreed to account and to pay plaintiff, in such event, the sum paid by plaintiff in said taxes on Lots 1 and 2 South of the railroad in the amount of $317.73; interest paid by plaintiff under said contract in the sum of $1115.73; and value and damage of the land which defendant does not deliver to plaintiff in the sum of $6648.00, all in the aggregate sum of $8080.73, with interest thereon from this date; that plaintiff recover his costs herein and have such further and other relief to which he may appear to be entitled."

Most of the terms of the contract identified as Exhibit "A" and attached to the petition are set forth in the petition and need not be repeated. However, it should be stated that certain portions thereof, not referred to herein, have significance and should be mentioned. Briefly stated, and without minimizing terms of the agreement not mentioned, they are to the effect that "in consideration of the mutual covenants and conditions herein contained" the first party, "hereby contracts and agrees to sell to party of the second part all of its title to and interest in" the real estate identified in the petition; that purchaser was to pay the consideration agreed upon; that the abstract of title was to be accepted without being brought down to date;

that execution of the agreement by the purchaser should constitute acceptance of title to the real estate involved; that such purchaser after payment of $500 payable on March 1, 1942, should retain possession of the real estate so long as he faithfully continued to comply with the terms of the agreement; that it was the essence of the contract; that if any of the payments provided for therein were not paid when due, or in the event of a breach of any of its other terms and conditions, the seller might terminate the contract at his option, retaining all payments made by the purchaser as liquidated damages for the breach of the agreement and for his use and occupancy of the premises under its terms; and that all covenants and conditions contained in the contract should extend to and be binding upon the respective successors and assigns of the seller, as well as the respective heirs, executors, administrators, and assigns of the purchaser.

Defendant demurred to the amended petition on grounds (1) it failed to state a cause of action; (2) that it showed on its face plaintiff was the equitable owner of the property involved at and prior to the date of the occurrence of the alleged shortage; and (3) that it contained no allegations defendant was unable or unwilling to convey legal title to the property described in the contract or that the alleged shortage in acreage or damage to the property was occasioned by any fault on the part of defendant. When this demurrer was sustained plaintiff, who had been granted leave to file an amended petition and declined to do so, perfected the instant appeal wherein under a single specification of error the propriety of that ruling is the only question involved.

Obviously sensing that it might strengthen his position the first contention raised by appellant is that the involved contract is unilateral in nature and must be construed as a contract to sell rather than one of purchase and sale. We think this question was determined adversely to appellant's contention in *Marquez v. Cave*, 134 Kan. 374, 5 P. 2d 1081; *Ditzen v. Given*, 139 Kan. 506, 32 P. 2d 448. Be that as it may, a review of the contract and its provisions, particularly those contained in the mutual covenants and reciprocal promises heretofore described, makes it clearly appear that agreement was bilateral in character and convinces us it must be construed as a contract for the purchase and sale of the real estate. The fact the involved agreement contains provisions for its forfeiture for nonpayment or a breach of its other terms and conditions does not warrant a contrary conclusion as appellant suggests. A

careful analysis of the opinion in *Marquez v. Cave*, supra, discloses that the contract there involved contained provisions of like import.

Turning to the petition, and without laboring the merits of the motion to make more definite and certain which we believe should have been sustained in view of decisions to be presently mentioned, it may be said that it discloses, even when liberally construed, that appellant entered into possession of the real estate, upon or shortly after execution of the contract, at a time when there was no shortage in the amount of land described therein and that the alleged shortage of acreage for which he now seeks recovery by way of damages was caused by conditions occurring subsequent to that date. Such pleading, when read in connection with the contract which it will be recalled was made a part thereof, also discloses that appellant's execution of the contract constituted acceptance of title to the real estate therein described. Under such circumstances, and without more, we have little difficulty in concluding, that in order to state a cause of action for recovery of damages for the claimed shortage in acreage appellant was required to plead facts disclosing such shortage was due to or caused by acts or conduct for which appellee would be legally responsible, and that having failed and declined to do so, the trial court's action in sustaining the demurrer to the petition was proper. But that is not all.

This court is committed to the rule that the purchaser under an unconditional contract for the sale of real property assumes the risk of a partial destruction or deterioration of the property from the date of the execution of the contract of purchase and sale, where the loss is not due to a fault of the seller and where the seller at the time of the loss is not in default and is able to convey a good title. See *Bank v. Grisham*, 105 Kan. 460, 185 Pac. 54, which holds:

"When a lawful and binding contract for the exchange of properties consisting of real estate has been executed, the fact that a building on one of the properties is thereafter burned does not furnish an excuse to rescind the contract, nor render it impossible to grant specific performance. The loss in such case falls on the vendee." (Syl. ¶ 6.)

For a more recent decision, dissimilar from the standpoint of facts and circumstances involved yet nevertheless recognizing and applying the same principle in a case where purchasers of real estate, under the terms of an unconditional contract, were seeking to rescind the agreement on the ground improvements located upon such property had been destroyed by a flood occurring subsequent

to the execution of the agreement, see *Torluemke v. Abernathey,* 174 Kan. 668, 258 P. 2d 282.

In conclusion, although we are not disposed to labor them, it may be said for the benefit of those who are inclined to pursue the subject further that our own decisions will be found to be in line with the great weight of authority upon resort to the following legal treatises, digests and textbooks, see 66 C. J., Vendor and Purchaser, 702, 1052 §§ 262, 811; 81 C. J. S., Specific Performance, 445, § 18b; 55 Am. Jur., Vendor and Purchaser, 817, 993 §§ 396, 600; 11 A. L. R. 2d., Anno, 390; 22 A. L. R., Anno, 575, supplemented by 41 A. L. R., Anno, 1272; 46 A. L. R., Anno, 1126, and 101 A. L. R., Anno, 1241; 27 A. L. R. 2d., Anno, 444; American Digest System, Vendor & Purchaser, § 203; Williston on Contracts (Rev. Ed.) §§ 928, 940; 2 Pomeroy's Equity Jurisprudence (5th Ed.) § 368; 4 Pomeroy's Equity Jurisprudence (5th Ed.) §§ 1161, 1161a, 1406.

The judgment is affirmed.