No. 46,834

W. MILFORD HALL and NORMA J. HALL, *Appellees,* v. PIONEER CROP CARE, INC., *Appellant*

(512 P. 2d 491)

Opinion filed July 14, 1973.

*Charles E. Henshall,* of Henshall and Pennington, of Chanute, argued the cause and was on the brief for the appellant.

*Richard C. Dearth* of Glenn Jones, Chartered, of Parsons, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in an action for damages occasioned by the accidental aerial spraying of the appellees' timberland with brush killer on May 23, 1970.

The case was tried on January 19, 1972, to a jury which returned a verdict in favor of W. Milford Hall and Norma J. Hall (plaintiffs-appellees) and against Pioneer Crop Care, Inc., (defendant-appellant) for actual damages in the sum of $1,500. The trial court withheld the entry of judgment upon the appellees' request to permit them to argue for treble damages pursuant to K. S. A. 21-2435 (repealed effective July 1, 1970.)

The trial court overruled the defendant's motion to dismiss and awarded judgment to the plaintiffs on February 29, 1972, in the sum of $4,500 plus 8% interest per annum thereon.

The trespass by the appellant is admitted since no appeal has been taken from the jury's finding that it trespassed on the appellees' property and damaged the trees thereon by spraying them with brush killer. (See, *Thomas v. Dudrey,* 208 Kan. 684, 494 P. 2d 1039.)

The evidence produced at trial showed the appellees had entered into a contract for the purchase of the land in question on May 21, 1970, with Dale Eugene Miller, the administrator of the Vivian B. Miller estate. The real estate contract was a standard form. The only unusual feature was the seller's status as the

administrator of the estate. It is to be noted the contract in question was signed, May 21, 1970, two days before the trespass occurred.

The administrator's deed, which was dated August 31, 1970, was approved by the Probate Court of Neosho County, Kansas, on September 29, 1970. The deed shows the Probate Court of Neosho County, Kansas, was petitioned by the administrator on June 26, 1970, to sell at private sale the real estate in question.

The underlying issue presented is whether or not the appellees were the owners of the land in question and the real parties in interest as contemplated by K. S. A. 21-2435.

K. S. A. 21-2435 states in pertinent part:

"If any person shall cut down, injure or destroy or carry away any tree placed or growing for use, shade or ornament, or any timber, rails or wood standing, being or growing *on the land of any other person;* . . . the party so offending shall pay *to the party injured* treble the value of the thing so injured, broken, destroyed or carried away, with costs, . . ." (Emphasis added.)

The appellant contends the words "on the land of any other person" as used in this statute mean the lands, tenements and hereditaments and all rights thereto, and interest therein, equitable as well as legal, of any other person. (See, K. S. A. 77-201, *Eighth.*)

The appellant contends the appellees on May 23, 1970, were neither the owners of an equitable interest in, nor the owners of the legal title to the real estate on which the trees in question were damaged. The appellant's theory is that the administrator's deed affirmatively revealed on June 26, 1970, the Probate Court of Neosho County, Kansas, on the petition of the administrator entered its order directing the administrator to sell, at private sale, the real estate in question; that on July 2, 1970, the real estate was appraised for $23,000 (the same amount shown as the sale price in the contract); that on August 31, 1970, the property was sold to the appellees; that on September 29, 1970, a report of the sale was approved and ratified by the probate court and the administrator ordered to give a deed to the property to the appellees.

It is argued by the appellant that an administrator takes only such powers as are conferred by law, and those who deal with him have notice of his duties and his powers and all limitations thereon. (Citing, Bartlett's Kansas Probate Law and Practice, p. 167.); and that an administrator has no statutory authority to sell

real estate of the decedent except for the purpose of paying reasonable funeral expenses, expenses of last illness, wages of servants during the last sickness, cost of administration, taxes and debts. (Citing, Bartlett's Kansas Probate Law and Practice, p. 313.)

In the instant case the administrator sold the property to pay the funeral bill and debts of his decedent, and it was so alleged in his petition to sell the property.

The appellant continues with his argument that unless the petition alleged facts showing one or more of the statutory grounds for sale, as provided by law, the jurisdiction of the probate court will not be invoked by the filing of the petition, and the subsequent proceedings thereon in the absence of one or more of such grounds will be held to be void. (Citing, Bartlett's Kansas Probate Law and Practice, p. 313.)

The appellant further argues that contracts of an executor or administrator cannot be regarded as contracts of the deceased, and in the absence of authority given by will or by statute, a personal representative cannot make an executory contract binding on the estate he represents. (Citing, 31 Am. Jur. 2d, Executors and Administrators, p. 95.)

What right did the appellees have in and to the subject real estate on May 23, 1970? The appellant contends they had no rights in and to the real estate, but did have a contract they could enforce against the administrator of the estate to compel him to deliver a deed to the property to them after he had gone through the statutory procedure which gave him a right to make a deed.

It is argued by the appellant the appellees should have required the administrator to sue the appellant in his fiduciary capacity for the tree damage before the appellees paid for the farm. The appellees paid for the farm and then brought suit in their own names for the trespass. The appellant contends the appellees behavior in this respect amounts to either: (1) A waiver of the alleged damage by the appellees at the time they paid the balance due on the purchase of the farm; or (2) constituted an assignment by the administrator of the cause of action, in tort, owned by his decedent's estate, against the appellant, to the appellees.

The appellant relies upon law to the effect that a tort action is not assignable. (*St. Paul Fire & Marine Ins. Co. v. Bender*, 153 Kan. 752, 113 P. 2d 1062.)

Insofar as the record discloses, the appellees were in possession

of the land in question on May 21, 1970, when they entered into the contract with the administrator.

The appellant concedes that it has found no case which holds that one in possession of real estate pursuant to an executory contract to purchase such real estate executed by the fiduciary of a decedent, as seller, may maintain an action for treble damages pursuant to K. S. A. 21-2435 because of damage to trees resulting from a trespass to such real estate. But it is contended *Fitzpatrick v. Gebhart*, 7 Kan. 35, holds to the contrary.

The appellant has misconstrued *Fitzpatrick v. Gebhart*, supra. On May 23, 1970, the appellees were the equitable owners of the property. The law in Kansas is clear that the purchaser of real estate under an unconditional contract for the sale of the property assumes the risk of destruction or deterioration of the property from the date of the execution of the contract of purchase and sale, where the loss is not due to a fault of the seller and where the seller at the time of the loss is not in default and is able to convey a good title. (*Farrell v. The Federal Land Bank of Wichita*, 175 Kan. 786, 267 P. 2d 497, and cases cited therein.)

If there was any question concerning the legality of the contract between the appellees and the administrator of the Vivian B. Miller estate, the matter was between those parties only, and it should in no way interest or concern the appellant. The legality or illegality of the contract for the purchase of real estate in this case was a separate and distinct transaction from the cause of action involved in the present litigation against the appellant. (*Foster v. Capital Gas and Electric Co.*, 125 Kan. 574, 265 Pac. 81.)

The law in Kansas has always been that possession of real estate under claim and color of title is sufficient evidence of title in an action to recover damages from a mere trespasser. (*Douglass, Guardian, v. Dickson*, 31 Kan. 310, 1 Pac. 541.)

In *Nelson v. Mather*, 5 Kan. 151, it was held that the plaintiff may maintain an action for cutting down and carrying away timber although his title may be defective; that while the plaintiff is in possession, claiming to be the owner, and has color of title, no mere wrongdoer can dispute his title. In the opinion the court said:

". . . It would be very bad policy to allow a mere wrongdoer, after he has committed a trespass, when he is sued for it, to interpose embarrassing and perplexing questions of ownership, to litigate nice and intricate questions of title, with the party in possession, who claims to be the owner, and who has color of title. . . ." (p. 154.)

For additional authorities see *Davis v. Sim,* 100 Kan. 66, 163 Pac. 622; and *Bricker v. Ledbetter,* 26 Kan. 269.

We hold under the facts in this case the appellees were the equitable owners of the property on the date when the damage to the timber occurred and that the appellant has no standing to raise possible defects in the appellees' title as a defense to his trespass.

The appellant's second point is almost indistinguishable from its first. The appellant argues the trial court erred in adjudging appellees to be the real parties in interest, within the meaning of K. S. A. 1972 Supp. 60-217 (*a*).

This court recently held in *Lawrence v. Boyd,* 207 Kan. 776, 486 P. 2d, 1394, the purpose of 60-217(*a*), *supra,* is to require the action to be brought by the person who, according to the governing substantive law, possesses the right sought to be enforced and not necessarily the person who ultimately benefits from the recovery. In the opinion the court said:

"The purpose of statutes requiring every action to be prosecuted in the name of the real party in interest is to protect the defendant from being repeatedly harassed by a multiplicity of suits for the same cause of action. Where the final judgment, when and if obtained, is a full, final, and conclusive adjudication of the rights in controversy and may be pleaded in bar to any other suit instituted by a different party, defendant may not object on the ground that plaintiff is not the real party in interest. . . ." (p. 779.)

On the above authority the appellees herein were the real parties in interest and properly entitled to bring this suit. The final judgment will be a conclusive adjudication of the rights in controversy growing out of the appellant's trespass to the real property, which the appellant admitted in its answer, filed March 12, 1971, was owned by the appellees. Such final judgment may be pleaded in bar to any other suit instituted by a different party.

The appellant's contention, that the trial court erred in adjudging the appellees were not prosecuting this action as assignees of a chose in action in tort, is without merit. Nothing in the pleadings or in the record indicates this case ever involved the assignment of a tort claim by the administrator to the appellees.

The appellant contends the trial court erred in adjudging the appellees to be qualified as owners of the land in question as required by K. S. A. 21-2435, under the doctrine of "relation back."

The trial court, in its memorandum opinion, introduced the doctrine of "relation back" to show the appellees were the owners of the real estate in question on May 23, 1970, within the meaning

of K. S. A. 21-2435. The appellant argues an administrator in Kansas cannot impress his decendent's real estate with a sale until such time as the probate court has authorized such a sale.

The doctrine of relation back is of ancient origin and has always been applied both at law and in equity, to meet the requirement of justice, to protect purchasers and to effectuate the intent of the parties to a contract for the sale of real estate. (*Scott v. Stone*, 72 Kan. 545, 84 Pac. 117.)

Simply because the seller could not deliver title at the time the contract was executed should not preclude reliance on the doctrine of relation back. The trial judge said in his memorandum, "It should not surprise or dismay anyone experienced in real estate transactions for frequently the title has to be made good long afterwards." Here the title was made good.

In *Scott v. Stone*, supra, a buyer and seller entered into a contract concerning the sale of certain land, dated April 8, 1902. There were several specified subsequent steps to be taken before the deed would be delivered. On the date of the contract the land was in the possession of two tenants. The cultivated portion of the land was in Arnall and the pasture land in Pirtle. Arnall paid his rent to the grantee, and Pirtle paid his to the grantor. The grantee then instituted suit to recover damages as a substitute for the Pirtle rent. The issue was whether the recovery should be for rent accuring from the date of the contract of sale (April 8, 1902) or from the date when the grantee actually received his deed (August 1, 1902) to the date when the Pirtle lease expired (November 1, 1902). The court held where land is sold by a transaction involving a contract of sale containing stipulations for the subsequent performance of specified acts by each of the parties, pending which performance the contract is placed in escrow, and afterward in compliance with such escrow the grantor executes and delivers his deed, also to be held in escrow with the contract and delivered to the grantee when payment has been made by him as stipulated, and all provisions of the escrow are performed and the deed delivered to the grantee accordingly, such delivery completes the conveyance, *and the deed relates back to the date of the contract of sale and is not limited to the date when actual delivery is made to the grantee.*

In the opinion of *Scott v. Stone*, supra, the court said:

". . . It is necessary to protect the grantee in the enjoyment of the property which he has bought and paid for, and it is necessary to carry out

the manifest intention of the parties that this deed should relate back to the date of the contract of sale." (p. 548, 549.)

The trial court did not err in applying the doctrine of relation back to the facts in this case.

Having determined that the appellees are the "owner of the land" as used in K. S. A. 21-2435, the trial court properly concluded the appellees had a right to bring this action under the above statute to recover treble the amount of actual damages awarded by the jury.

The judgment of the lower court is affirmed.

FROMME, J., concurring in the result.