(635 P.2d 1268)

No. 52,663

NORTHWEST KANSAS AREA VOCATIONAL-TECHNICAL SCHOOL, *Appellant,* v. RUDOLPH A. WOLF, *Appellee.*
Petition for review denied January 15, 1982.

Opinion filed November 13, 1981.

*Whalen & Fairbanks, P.A.,* of Goodland, for the appellant.

*Michael V. Foust,* of Foust & Vignery, of Goodland, for the appellee.

Before JUSTICE HERD, presiding, SWINEHART, J., and LEWIS L. MCLAUGHLIN, District Judge Retired, assigned.

HERD, J.: This is an action for specific performance of a contract and for damages. The case was tried on a joint stipulation of facts and is here on an "Agreed Statement."

Northwest Kansas Area Vocational-Technical School (Vo-Tech), as a part of its curriculum, builds a house for sale in Goodland each year with student labor, under the supervision of qualified instructors. In 1978 appellant built a solar heated house. When it was offered for sale by sealed bid, Rudolph Wolf was successful with a bid of $93,000. On February 20, 1979, appellant and appellee entered into a written agreement for the sale and purchase of the house. Wolf paid $10,000 down with the balance due March 20, 1979, the closing date. Mr. Wolf moved into the house after signing the contract. Pursuant to the contract Wolf obtained a hazard insurance policy on the structure from Ameri-

can States Insurance Company. On the weekend of March 3rd and 4th, 1979, water pipes in the solar panels froze and burst due to a malfunctioning valve. As a result 750 to 900 gallons of water escaped, damaging the ceiling, floors and walls of the house. Wolf asked Vo-Tech to repair the damage. When it refused, Wolf refused to make the final payment under the contract. Eventually American States Insurance Company agreed to accept the loss claim under the policy. It completed repairing the house on June 12, 1979. Wolf was paid subsistence under the policy during the time he was dispossessed. Vo-Tech then filed this action. Wolf asked for rescission of the contract. The trial court found the loss was the fault of appellant and its refusal to repair the damage was a material breach of contract entitling appellee to rescission. This appeal followed.

To further complicate matters, the court ordered the house sold a second time, on November 7, 1979. Rudolph Wolf bought it again but for $83,000. The new purchase price has been paid and Wolf is in possession. All that remains to specifically perform the contract is payment of $10,000 and interest on $83,000 from March 20, 1979, to November 7, 1979, to Vo-Tech, with a determination of who is obligated to correct the design defect, which cost $500. On the other hand, Wolf claims under rescission he is entitled to a return of downpayment, insurance premium and utility costs.

As an initial matter it should be noted the standard for appellate review on an agreed statement of facts gives the appellate court the same authority to examine and weigh the evidence as the trial court. *In re Estate of Thompson,* 226 Kan. 437, 440, 601 P.2d 1105 (1979). We shall exercise that prerogative in the instant case.

Let us now consider the issues. The parties stipulate this is an action on a contract for the purchase and sale of real estate. The property was damaged during the executory period of the contract. The first question presented is, which of the parties bears the risk of loss to property under an executory contract? Both parties correctly point to *Hall v. Pioneer Crop Care, Inc.,* 212 Kan. 554, 558, 512 P.2d 491 (1973), where the court stated:

"The law in Kansas is clear that the purchaser of real estate under an unconditional contract for the sale of the property assumes the risk of destruction or deterioration of the property from the date of the execution of the contract of purchase and sale, where the loss is not due to a fault of the seller and where the seller at the time of the loss is not in default and is able to convey a good title."

See also *Farrell v. The Federal Land Bank of Wichita,* 175 Kan. 786, 790, 267 P.2d 497 (1954); *Torluemke v. Abernathy,* 174 Kan. 668, 671, 258 P.2d 282 (1953); *Bank v. Grisham,* 105 Kan. 460, 469, 185 Pac. 54 (1919).

However, it should be pointed out the foregoing rule applies to contracts which make no provision for who bears the risk. The contract in this case contains the following provision:

*"Insurance:* It is agreed by and between the parties hereto that Purchaser will maintain hazard insurance in an amount not less than $83,000 with a standard loss payable clause in favor of Seller until closing."

We hold Wolf, the purchaser, agreed to bear the risks, regardless of fault, covered by insurance up to $83,000. All of the loss herein was covered by insurance except the $500 expended by Vo-Tech for flashing. This expense falls under the rule in *Hall v. Pioneer Crop Care, Inc.,* 212 Kan. 554, Syl. ¶ 2. It was made necessary by the fault of Vo-Tech, which must therefore bear the cost.

Wolf maintains the breach of contract by Vo-Tech in refusing to make repairs is so material he is entitled to rescission. Appellant's refusal to make the repairs covered by insurance was proper and does not constitute a breach of contract. However, appellant's refusal to correct the defect in design, *i.e.,* provide proper water disposal in case of ruptured tubing, constitutes a breach of contract. The real question is whether this type of breach supports rescission. The general principles relating to rescission of contracts are set out in *Whiteley v. O'Dell,* 219 Kan. 314, 316-19, 548 P.2d 798 (1976):

"It is not every breach which gives rise to the right to rescind a contract. In order to warrant rescission of a contract the breach must be material and the failure to perform so substantial as to defeat the object of the parties in making the agreement. (p. 316)

. . . .

"[I]t was within the inherent equitable power of the court to grant relief which would achieve justice and equity. (p. 318)

"Rescission operates to extinguish the contract so that for all intents and purposes it never existed. It is generally held that a lawful rescission of a contract prevents recovery of damages for the breach. (p. 318-19)

"As a general rule, upon rescission of a contract the parties must be placed in substantially the same condition as when the contract was executed." (p. 319)

Recently the Supreme Court reaffirmed these principles. See *Baker v. Tucker,* 227 Kan. 86, 89, 605 P.2d 114 (1980).

Was appellant's breach "so substantial as to defeat the object of the parties in making the agreement?" Given the fact it affected only disposal of water for a broken solar tube, we hold it was not a material breach and will not support rescission.

In light of the foregoing, judgment is entered for the appellant for specific performance of the contract and judgment is entered for the appellee for the $500 cost of flashing.

The judgment of the trial court is reversed in part and affirmed in part consistent with this opinion.